**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X
LINFO IP, LLC,

                     Plaintiff,

      -against-                                   24 **CIVIL** 2796 (JMF)

                                                      **JUDGMENT**

TRUSTPILOT, INC.,

                     Defendant.
-----------------------------------------------------------------X

      It is hereby **ORDERED, ADJUDGED AND DECREED:** That for the reasons stated in the Court's Opinion and Order dated January 3, 2025, the 428 Patent's claims are directed to an abstract idea and, on that basis, not eligible for patent protection. Accordingly, Trustpilot's motion to dismiss must be and is GRANTED, and the Complaint is DISMISSED. Linfo requests leave to amend. See Pl.'s Oppn 13-14. Although leave to amend should be freely given "when justice so requires," Fed. R. Civ. P. 15(a)(2), it is "within the sound discretion of the district court to grant or deny leave to amend, Broidy Cap. Mgmt. LLC v. Benomar, 944 F.3d 436, 447 (2d Cir. 2019). Here, the problem with Linfo's claims is substantive, so amendment would be futile. See, e.g., Roundtree v. NYC, No. 19-CV-2475 (JMF), 2021 WL 1667193, at *6 (S.D.N.Y. Apr. 28, 2021) (citing cases); Ghaly Devices, 443 F. Supp. 3d at 434 (denying leave to replead where patent claims were found ineligible). Notably, in seeking leave to amend, Linfo states only that it "is warranted, to permit [P]laintiff to assert factual allegations and theories, so that Plaintiffs case can be adjudicated on its merits." Pl.s Oppn 13-14. But this conclusory statement offers no suggestion that Linfo is in possession of facts that would cure the problems with its claims. See, e.g., Clark v. Kitt, No. 12-CV-8061 (CS), 2014 WL 4054284, at *15 (S.D.N.Y. Aug. 15, 2014) ("A plaintiff need not be given leave to amend if [it] fails to specify

how amendment would cure the pleading deficiencies in [its] complaint."); accord TechnoMarine SA v. Giftports, Inc., 758 F.3d 493, 505-06 (2d Cir. 2014). Finally, the Court granted Linfo leave to amend in response to Trustpilot's first motion to dismiss and explicitly warned that it would "not be given any further opportunity to amend the complaint to address issues raised by the motion to dismiss." ECF No. 29. "Plaintiffs failure to fix deficiencies in its previous pleadings is alone sufficient ground to deny leave to amend sua sponte." Transeo S.A.R.L. v. Bessemer Venture Partners VI L.P., 936 F. Supp. 2d 376, 415 (S.D.N.Y. 2013) (citing cases)). Accordingly, Linfo's request for leave to amend is DENIED. Judgment is entered in favor of Trustpilot; accordingly, the case is closed.

**Dated:**  New York, New York

　　　　　January 3, 2025

　　　　　　　　　　　　　　　　　　　　　　**TAMMI M. HELLWIG**

　　　　　　　　　　　　　　　　　　　　　　**Clerk of Court**

　　　　　　　　　　　　　　　**BY:**　*K. Mango*

　　　　　　　　　　　　　　　　　　　　　　**Deputy Clerk**